## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SIRKERRA HAWKINS, ALEX TYNDALE, JONANTHON TINSLEY, on behalf of themselves and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MRS BPO, LLC <br> 1930 Olney Ave. <br> Cherry Hill, NJ 08003 <br><br> Defendant. | CIVIL ACTION NO: <br><br> CLASS ACTION COMPLAINT <br><br> **JURY DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiffs Sirkerra Hawkins, Alex Tyndale, and Jonathan Tinsley (hereinafter collectively "named Plaintiffs"), on behalf of themselves and those similarly situated, by and through their undersigned counsel, hereby complain as follows:

### INTRODUCTION

1.      This action arises out of Defendant's violations of the Fair Credit Reporting Act ("FCRA"), the New Jersey Criminal Records Act ("N.J.A.C. 13-59-1.1, *et seq.*"), the New Jersey Law Against Discrimination ("NJLAD"), and 42 U.S.C. §1981.  Named Plaintiffs and those similarly situated assert that Defendant fired them on the basis of their criminal record reports without following the mandatory procedural safeguards of the FCRA.  Furthermore, Defendant failed to investigate whether there was a reasonable connection between the gravity of the crimes identified in their purported criminal records and the nature of their jobs.  Further, Defendant's use of the purported criminal records as a litmus test for continued employment disparately impacted the African and African-American (hereinafter collectively "African-American")

employees. Named Plaintiffs and those similarly situate further assert that the purported criminal records were used by Defendant as a pretext for intentional discrimination against the African-American employees. For the aforementioned reasons as more fully described below, Plaintiffs request relief from Defendant's illegal conduct.

## JURISDICTION AND VENUE

2.     This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice.

3.     This Court may properly exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 because the instant action arises under the laws of the United States, namely FCRA, and seeks redress for violations of a federal law.

4.     This Court may also maintain supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure, because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

5.     Pursuant to 28 U.S.C. §1391, venue is properly laid in this judicial district because Defendant conducts substantial, systematic, and continuous activity in this judicial district, and because a substantial part and/or all of the actions alleged herein took place in this judicial district.

## PARTIES

6.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7.     Plaintiff Sirkerra Hawkins is an adult individual with an address of 401 East Gibbsboro Rd., Apt A12, Lindenwold, NJ 08021.

2

8.      Plaintiff Robert Tinsley is an adult individual with an address of 30A Hopewell Lane, Sicklerville, NJ 08081.

9.      Plaintiff Alex Tyndale is an adult individual with an address of 10165 Bridyle Rd., Philadelphia, PA 19116.

10.     Defendant MRS BPO, LLC (hereinafter "Defendant"), upon information and belief, is a New Jersey corporation with an address as set forth in the caption, and conducts business within the state of New Jersey.

11.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment.

## CLASS ACTION ALLEGATIONS

12.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13.     Named Plaintiffs bring this Class Action on behalf of themselves and all other individuals who Defendant fired, without following the procedural requirements of the FCRA, after reviewing their criminal record reports.

14.     Named Plaintiffs' claims are typical of the claims of the members of the Class because named Plaintiffs, like all Class members, were employees of Defendant who were fired following Defendant's receipt of third-party criminal background checks which were not performed pursuant to the procedural requirements of the FCRA.

15.     Named Plaintiffs will fairly and adequately protect the interests of the Class because Plaintiffs' interests are coincident with, and not antagonistic to, those of the Class.

16.     Named Plaintiffs have retained counsel with substantial experience in the prosecution of employment litigation.

17.     Named Plaintiffs do not know the exact size of the Class because such information is in the exclusive control of Defendant; nonetheless, it is believed that there are approximately 70 Class members.

18.     The Class is so numerous that joinder of all Class members, whether required or permitted, is impracticable.

19.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant. Furthermore, the amount at stake for individual Class members, though substantial, may not great enough to enable all of the individual Class members to maintain separate actions against Defendant.

20.     Questions of law and fact that are common to the members of the Class predominate over questions that affect only individual members. Among the questions of law and fact that are common to the Class are:

- Whether Defendant had an unlawful practice and/or policy to which it subjected the named Plaintiffs and those similarly situated when it failed to provide written notification to its employees of the rights of the consumer prescribed by the Federal Trade Commission under section 609(c)(3) of the FCRA.

- Whether Defendant had an unlawful practice and/or policy to which it subjected Plaintiffs and those similarly situated when it failed to provide a copy of an employee's criminal record report to the employee prior to using the report to

terminate the employee;

- Whether Defendant had an unlawful practice and/or policy to which it subjected named Plaintiffs and those similarly situated when it failed to provide employees with the name, address, and telephone number of the third-party reporting agent who compiled the employee's criminal record report;

- Whether Defendant had an unlawful practice and/or policy to which it subjected named Plaintiffs and those similarly situated when it failed to provide a statement that Defendant, and not the third-party reporting agent, made the decision to terminate the employee based upon the criminal record report;

- Whether Defendant had an unlawful practice and/or policy to which it subjected named Plaintiffs and those similarly situated when it failed to provide its employees with a notice that they had the right to dispute the accuracy or completeness of any of the information in the criminal record report;

- Whether Defendant had an unlawful practice and/or policy to which it subjected named Plaintiffs and those similarly situated which had a disparate impact on African-American employees of Defendant; and,

- Whether Defendant used the criminal record reports as a pretext for intentional discrimination against African-American employees.

21.    Therefore, named Plaintiffs should be permitted to bring this action as a class action on behalf of themselves and those employees similarly situated, pursuant to F.R.C.P. 23.

## FACTUAL BACKGROUND

22.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

23.    Named Plaintiffs and those similarly situated were employed by Defendant in the

month of September of 2010.

24.    Named Plaintiffs are African-Americans.

25.    Named Plaintiffs' duties for Defendant included debt recovery, data entry, and customer service duties.

26.    At all times relevant hereto, Defendant maintained an unlawful practice and/or policy wherein it failed to follow the requirements of the FCRA.

27.    Specifically, Defendant failed to provide a copy of an employee's criminal record report to the employee prior to using the report to initiate an adverse employment action upon the employee.

28.    Defendant further failed to provide employees with the name, address, and telephone number of the third-party reporting agent who compiled the employee's criminal record report.

29.    In addition, Defendant terminated its employees pursuant to information it received in the employee's criminal record report without notifying the employee in writing that Defendant (as the employer), and not the reporting agent, made the decision to terminate the employee based upon the criminal report.

30.    Furthermore, Defendant failed to provide its employees with a written description of their rights as proscribed by the Federal Trade Commission under section 609(c)(3) of the FCRA.

31.    Defendant also failed to provide its employees with a notice that they had the right to dispute the accuracy or completeness of any of the information in their criminal record reports.

32.    Upon information and belief, Defendant subjected most, if not all, of its

employees to the policies and practices denoted *supra* in or about September of 2010.

33. Specifically, in or about September of 2010, Defendant engaged a third-party to conduct criminal background checks on all of Defendant's employees.

34. Pursuant to its unlawful practices, Defendant failed to furnish each named Plaintiff and each individual similarly situated with the name, address, and contact information of the agency which provided the criminal record reports to Defendant.

35. Pursuant to its unlawful practices, Defendant failed to furnish each named Plaintiff and each individual similarly situated with a copy of his or her criminal record report prior to using the report as a basis for an adverse employment action upon named Plaintiffs and those similarly situated.

36. Pursuant to its unlawful practices, Defendant failed to provide each named Plaintiff and each individual similarly situated with the opportunity to dispute any information contained in his or her criminal record report prior to subjecting each named Plaintiff and each individual similarly situated with an adverse employment action.

37. Pursuant to its unlawful practices, Defendant failed to provide each named Plaintiff and each individual similarly situated with written notification that the decision to impose an adverse employment action upon the employee was the decision of Defendant decision and not the third-party agency.

38. Defendant terminated named Plaintiffs and those similarly situated as a result of their criminal record reports in or about September of 2010, after subjecting named Plaintiffs and those similarly situated to the unlawful practices and policies as discussed above.

39. Specifically as to Plaintiff Hawkins, Defendant failed to provide Plaintiff Hawkins with her criminal report before her termination; Defendant failed to provide Plaintiff

Hawkins with the name, address, and telephone number of the third-party agency that performed the criminal background checks; Defendant failed to provide Plaintiff Hawkins with a statement that the employer, and not the third-party agency that performed the criminal background checks, made the decision to terminate Plaintiff Hawkins; and Defendant failed to provide Plaintiff Hawkins with a notice that she had the right to dispute the accuracy or completeness of any of the information in the report.

40.     Specifically as to Plaintiff Tinsley, Defendant failed to provide Plaintiff Tinsley with his criminal report before his termination; Defendant failed to provide Plaintiff Tinsley with the name, address, and telephone number of the third-party agency that performed the criminal background checks; Defendant failed to provide Plaintiff Tinsley with a statement that the employer, and not the third-party agency that performed the criminal background checks, made the decision to terminate Plaintiff Tinsley; and Defendant failed to provide Plaintiff Tinsley with a notice that he had the right to dispute the accuracy or completeness of any of the information in the report.

41.     Specifically as to Plaintiff Tyndale, Defendant failed to provide Plaintiff Tyndale with his criminal report before his termination; Defendant failed to provide Plaintiff Tyndale with the name, address, and telephone number of the third-party agency that performed the criminal background checks; Defendant failed to provide Plaintiff Tyndale with a statement that the employer, and not the third-party agency that performed the criminal background checks, made the decision to terminate Plaintiff Tyndale; and Defendant failed to provide Plaintiff Tyndale with a notice that he had the right to dispute the accuracy or completeness of any of the information in the criminal record report.

42.     Defendant engaged a third-party agency to perform the criminal background

checks on the Plaintiffs and those similarly situated.

43.     Upon information and belief, Defendant engaged a third-party agency to perform criminal background checks and compile a criminal record report for each of Defendant's approximately 550 employees.

44.     Upon information and belief, approximately 70 of the Defendant's employees' criminal record reports contained criminal convictions.

45.     Within the first few weeks of Defendant receiving from the third-party agency the criminal record reports of its employees, Defendant terminated approximately 69 employees, including named Plaintiffs and those similarly situated, because of the information received in the criminal record reports.

46.     All of the approximately 69 terminated employees who were terminated for their purported criminal records are black.

47.     Defendant did not consider the nature and gravity of the purported offense(s) when making the decision to fire named Plaintiffs and those similarly situated on the basis of their criminal record reports.

48.     Defendant did not consider the length of time that had passed since the purported conviction and/or completion of the sentence when making the decision to fire named Plaintiffs and those similarly situated on the basis of their criminal record reports.

49.     Defendant did not consider the nature of the job held when making the decision to fire named Plaintiffs and those similarly situated on the basis of their purported criminal records.

50.     Upon information and belief, Defendant decided not to fire at least one Caucasian employee who had a criminal conviction according to the criminal record report produced by the third-party agency engaged to compile the criminal record reports.

## COUNT I
## Violations of FCRA

51.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

52.     Defendant subjected all of its employees, including named Plaintiffs and those similarly situated, to policies and practices which were in violation of the FCRA as referenced above.

53.     In addition, Defendant subjected approximately 69 of its employees, including named Plaintiffs and those similarly situated, to policies and practices which were in violation of the FCRA as referenced above.

54.     Defendant's conduct constitutes a violation of FCRA and has caused named Plaintiffs and those similarly situated to suffer damages.

## COUNT II
## Violation of N.J.A.C. 13-59-1.1, *et seq.*

55.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

56.     Defendant's conduct constitutes a violation of N.J.A.C. 13-59-1.1, *et seq.* and has caused Plaintiffs and those similarly situated to suffer damages.

## COUNT III
## Violation of the New Jersey Law Against Discrimination
### (Disparate Impact)

57.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

58.     Defendant subjected its employees to a policy and/or practice of terminating employees who had any type of criminal history.

59.     The use of criminal records to make termination decisions had an adverse impact on the African-American employees of Defendant.

60.     Of the approximately 69 employees who were fired because they had a purported

criminal record, all are African-American.

61.     Defendant's conduct constitutes a violation of NJLAD and has caused Plaintiffs to suffer damages.

## COUNT IV
## Violation of the New Jersey Law Against Discrimination
### (Disparate Treatment)

62.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

63.     Defendant permitted at least one Caucasian employee to remain in its employ after learning that the Caucasian employee had a purported criminal record following the above-described third-party criminal record reports.

64.     Defendant terminated all of the non-Caucasian employees who had a criminal record, because they had a criminal record.

65.     Defendant terminated approximately 69 African-American employees because they were African-Americans who also had a criminal record.

66.     Defendant permitted the Caucasian employee who had a criminal record to remain in its employ solely because the employee was Caucasian.

67.     The aforementioned conduct of Defendant violates the NJLAD and has caused Plaintiffs to suffer damages.

## COUNT V
## Violation of 42 U.S.C. §1981
### (Disparate Impact and Disparate Treatment)

68.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

69.     Defendant's aforementioned conduct violates 42 U.S.C. §1981 and has caused Plaintiffs to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      That the Court determine that this action may be maintained as a Class Action under Rule 23 of the Federal Rules of Civil Procedure and that named Plaintiffs be certified as a Class Representatives and their attorneys as Class Counsel;

B.      Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of making unlawful employment decisions based on criminal records obtained by third-parties without following the requirements of the FCRA;

C.      Defendant is to compensate named Plaintiffs and those similarly situated by reimbursing and making whole and by providing all pay and benefits named Plaintiffs and those similarly situated would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, and interest. Named Plaintiffs and those similarly situated should be accorded those benefits illegally withheld from the date named Plaintiffs and those similarly situated first were unlawfully fired until the date of verdict;

D.      Named Plaintiffs and those similarly situated are to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct, and to deter Defendant or other employers from engaging in such misconduct in the future;

E.      Named Plaintiffs and those similarly situated are to be accorded any and all other equitable and legal relief and penalties provided under the FCRA and the other laws being invoked in this litigation;

F.      Named Plaintiffs and those similarly situated are to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

G.     Named Plaintiffs and those similarly situated are to be awarded the costs and expenses of this action and reasonable legal fees as provided by the applicable federal and state laws;

H.     Named Plaintiffs' claims are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

By:     /s/ Justin L. Swidler
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
1878 Marlton Pike East. Ste. 10
Cherry Hill NJ, 08003
856-685-7420 (office)
856-685-7417 (facsimile)

Dated: December 10, 2010